935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Eugene MOORE, Defendant-Appellant.
 No. 90-5327.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 24, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-89-218)
 Daniel Smith Johnson, Wilson, Degraw, Johnson & Rutledge, David F. Tamer, Winston-Salem, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Walter E. Moore pled guilty to distribution of cocaine (21 U.S.C. Sec. 841). He appeals the sentence he received on the ground that the district court erred in finding that he was a career offender. We affirm.
 
 
 2
 Under U.S.S.G. Sec. 4B1.1, a defendant is a career offender if he was over eighteen at the time of the instant offense, the instant offense is a drug offense or a crime of violence, and he has at least two prior felonies of either a crime of violence or a drug offense. Under Sec. 4B1.2(3), the two prior felonies must be counted separately under Sec. 4A1.2, which provides that related cases are treated as one for purposes of the criminal history. Application note 3 to Sec. 4A1.2 states that cases are considered related if the offenses (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 3
 Moore asserts that the two prior offenses which were relied on in determining his career offender status were related cases because they were part of a common scheme or plan. The two prior felonies were an armed robbery and a common law robbery which occurred in different counties and were sentenced a year apart. However, Moore contended at sentencing that both robberies occurred within the same three-month period as part of a string of approximately nine robberies in which he participated, that all were committed under the leadership of one person, and that all were part of Moore's plan to earn his livelihood in this way.
 
 
 4
 Moore's own testimony at sentencing established that he was led into the robberies by a friend during a period when he was employed as a driver for a produce company, and that at first he was simply asked to drive and did not realize what was going on. After he discovered that robberies were being committed, Moore said he participated in a number of them, sometimes as just the driver, sometimes going along on the robbery, sometimes carrying a weapon and sometimes not. Other friends of his also participated, but it was not the same group of people each time. He said that each robbery was a spur of the moment thing, and that the proceeds were divided among the participants by his friend the leader after each robbery.
 
 
 5
 Because the facts concerning the prior offenses were not disputed at sentencing, the question of whether they are related cases is a legal issue which receives de novo review. United States v. Rivers, --- F.2d ----, No. 90-5656 (4th Cir. Apr. 3, 1991). We find that the district court's determination was correct. Although the two robberies were certainly part of the same course of conduct, they were, as far as Moore knew, spur of the moment incidents involving different participants on different occasions. The participants split the proceeds after each robbery was completed. Although one person may have been the instigator and leader in each robbery, there is no evidence of a continuing plan, at least as far as Moore is concerned.[1]
 
 
 6
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 For a discussion of the terms "common scheme or plan" and "same course of conduct" as used in the guidelines, see Wilkins and Steer, Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines, 41 S.C.L.Rev. 495, 515-16 (1990)